Filed 2/23/16  In re Rachel B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re RACHEL B., a Person Coming Under the Juvenile Court Law. | |
| | D068060 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM236275) |
| v. | |
| RACHEL B., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder

A. Willis, Judge.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Seth M.

Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

A San Diego County social host ordinance imposes criminal penalties for "a person to fail to take reasonable steps to prevent a minor from consuming an alcoholic beverage at a party the person hosts or allows on private property the person owns or controls." (San Diego County Code, § 32.303, subd. (a).)[1] A juvenile court found 17-year-old Rachel B. violated this ordinance when she hosted a party at which numerous minors consumed alcoholic beverages. The court placed Rachel on six months' probation without wardship and ordered her to pay victim restitution. (Welf. & Inst. Code, § 725, subd. (a).)

On appeal, Rachel does not challenge the sufficiency of the evidence to support that she hosted a party at which she failed to take reasonable steps to prevent minors from consuming alcohol. Instead, her sole contention is that the court misunderstood the applicable law and applied an incorrect "strict liability" standard. We reject this contention. The record reflects the court applied the correct standard. We thus affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The People filed a petition under Welfare and Institutions Code section 602, alleging Rachel violated section 32.303 by failing to take reasonable steps to prevent minors from consuming alcohol at a party she hosted. At the adjudication hearing, the prosecution presented the following evidence supporting the petition.

---

[1]   All unspecified section references are to the San Diego County Code.

2

In June 2014, Rachel contacted Amy Hauer to inquire about Hauer's Internet advertisement offering to rent her home in Ramona. The house is located in a secluded area set back from the public road. Rachel said she was 25 years old and was interested in renting the house for a retreat for her and a few of her female cousins. During their conversation, Rachel asked Hauer about the privacy of the house and rental insurance. Hauer agreed to rent the home to Rachel. Rachel created an account with a "fake" name to pay Hauer the rental fee.

Unbeknownst to Hauer, the true reason Rachel rented the house was to host a 16th birthday party for her friend Rya. Rachel expected to host approximately 30 friends, both male and female. She hired two young men, possibly around the age of 21, to work as "bouncers."

The party started at approximately 6:00 p.m. At that time, alcohol was freely available for Rachel's underage guests. Rachel required each person to pay the bouncers a $20 entry fee to help reimburse her for the party's cost. Inside, a DJ played loud music. During the first hour, there were about 10 to 50 minors at the party and alcohol was available.

At approximately 8:30 p.m., the sheriff's department received a noise complaint about the party. When two officers arrived and entered the house, they saw an estimated 200 people, most of whom were minors. The officers observed red plastic cups, empty cases of alcohol, beer cans, beer bottles, and two kegs scattered about the property. A majority of the minors had been drinking alcoholic beverages.

When the two officers started evacuating the juveniles, many of them ran up the hill into the neighborhood, causing the officers to call for backup assistance. It took nine law enforcement officers and a helicopter approximately six hours to shut down the party.

When Hauer and her boyfriend returned to their home, they found property damage valued at about $4,000 or $5,000. Hauer immediately contacted Rachel to ask what had happened. Rachel first stated she was unaware of any damage, but then claimed that boys had shown up and caused trouble.

Rachel later admitted to law enforcement that she knew there was alcohol at the party. She told the officers that she hired the bouncers to control who attended the party and handle any problems that may arise. She denied knowing who supplied the alcohol, but stated she suspected the bouncers may have brought the kegs. She said these men had previously attended a local high school, but she had no contact information and did not know their last names.

Rachel did not testify at the hearing. The defense theory was that Rachel did not "anticipate[ ]" that 200 people would come to the party and bring alcohol, and she took all "reasonable steps" to ensure a small intimate party, including hiring bouncers. In support, two of Rachel's friends testified that about one hour after the party started, more than 100 people showed up after someone posted the party's address on social media. All of these people were friends of Rya, not Rachel, and many of them brought alcohol. Rachel's friends said that Rachel took alcohol away from some of these uninvited guests and asked them to leave, but they refused to do so. According to her friends, Rachel did

4

not want alcohol at the party. They testified that when Rachel became frustrated that the party had become chaotic, Rachel retreated to an upstairs balcony. Rachel then went to a nearby gas station while law enforcement cleared people out of the house and area.

In his closing argument, defense counsel argued that Rachel intended to host a party only for a few close friends, and she took reasonable steps to prevent alcohol consumption by "hir[ing] bouncers . . . to keep people out"; taking "alcohol away from individuals [who] looked too young"; and attempting "to kick people out of the party." Counsel asserted that the fact Rachel lost control of the party was insufficient to establish a violation of section 32.303 because the ordinance imposed a criminal negligence standard, and not strict liability.

In his reply argument, the prosecutor agreed "[t]his is not a strict liability statute." But he argued Rachel violated the ordinance because she was "clearly in control of this private property" and she "clearly failed to . . . take reasonable steps" to prevent the underage partygoers from drinking alcohol at the party. The prosecutor noted that Rachel did not call for help when the party got out of control and her unsuccessful attempt to take "beer bottles or drinks from a few minors" was not a reasonable way of addressing the situation.

After considering the evidence and arguments, the juvenile court concluded the prosecution proved its case "beyond a reasonable doubt" and made a true finding that Rachel had violated section 32.303. In explaining its reasoning, the court stated in part:

> "The facts are really clear. . . . You, at the behest of a friend, agreed
> to plan and host a party. You took the effort to rent property, having

5

contact with a property owner and . . . paid for the rental of that property and the party took place . . . .  And when the law enforcement . . . got there they found . . . a lot of minors . . . alcohol, visibly present at the party, alcohol being consumed at the party. . . .

"The statute states in part that a person who owns or has control of private property and knowingly hosts or allows a party on the property shall take all reasonable steps to prevent the consumption of any alcoholic beverages at the party.  You had control because you were the person that rented the property and planned the party.

". . .  And the law requires you at that point and time to take all reasonable steps to prevent the consumption of alcoholic beverages.

"Reasonable steps, according to the statutes include but are not[ ] limited to controlling access to alcoholic beverages, controlling quantity of alcohol, verifying age of participants at the party.  And supervising activity of the minors.  I think for some reason it caught my attention . . . you hired two bouncers . . . .  Two older guys that you knew from [a high school] to act as bouncers to help control people and activity at the party.  That to me is a very important fact because that shows an understanding and appreciation of what could have happened and what, in fact, did happen.  You wanted to have some people there that you thought you could trust or could act to keep it from getting out of control.  They become your agents at that point.  If they fail to act by controlling access or they bring alcohol or they don't limit the alcohol or kick people out or control the activity, that lack thereof, that failure is attributed to you because you hired them for that specific purpose. . . . The facts are that you sat despondent on a balcony once you realized this was crazy and out of control.  You probably acted in good faith in wanting a party, you had two bouncers there just in case somebody got out of control; it went certainly beyond that.  Your effort to control the party falls short of what is required by law.  Especially when you are aware of that and that is evidenced by hiring [the two young men] to act as bouncers.  Your steps were not reasonable in light of the circumstance as presented to this court. . . . "

## DISCUSSION

### I. *Applicable Law*

Section 32.303, subdivision (a) states: "A person who owns or has control of private property and knowingly hosts or allows a party on the property shall take all reasonable steps to prevent the consumption of alcoholic beverages by any minor at the party. Reasonable steps include, but are not limited to: (1) controlling access to alcoholic beverages, (2) controlling the quantity of alcoholic beverages, (3) verifying the age of each person attending the party by inspecting each person's driver's license or other government-issued identification card and (4) supervising the activities of minors at the party. It is unlawful for a person to fail to take reasonable steps to prevent a minor from consuming an alcoholic beverage at a party the person hosts or allows on private property the person owns or controls."

The San Diego County Board of Supervisors (Board) enacted this ordinance to prevent public health and safety problems resulting from underage alcohol use, including "physical altercations, violent crimes including rape and other sexual offenses, accidental injury, neighborhood vandalism and excessive noise disturbance, all of which may require intervention by local law enforcement." (§ 32.301, subd. (b).) The Board found the ordinance would "deter consumption of alcoholic beverages by minors by holding persons responsible who encourage, are aware of or should be aware of the illegal consumption of alcoholic beverages by minors, but fail to prevent it." (§ 32.301, subd. (d).) A person who violates this section is "subject to criminal prosecution." (§ 32.307.)

7

## II. *Analysis*

### A. *Court Applied Correct Standard*

Rachel contends the court erred by imposing a strict liability standard in evaluating her criminal responsibility under section 32.303, instead of the criminal negligence rule applicable to a statute that requires a person to take reasonable affirmative actions.

"The duty to act 'reasonably' reflects the applicability of the [criminal] negligence doctrine[.]" (*Williams v. Garcetti* (1993) 5 Cal.4th 561, 573.) Criminal negligence is conduct that amounts to a gross or culpable departure from what would be the conduct of an ordinarily careful person in the same situation as to show an indifference to consequences. (*Id.* at p. 574.) A person cannot be criminally negligent without having actual or constructive knowledge of the risk, which is determined by the following objective test: if a reasonable person similarly situated would have been aware of the risk involved, then the defendant is presumed to have had such an awareness. (*Ibid.*)

Rachel argues that under these criminal negligence principles, the prosecutor was required to prove she "declined to take viable reasonable steps that an objective person otherwise would have taken under the circumstances." We agree with this assertion. But contrary to Rachel's contentions, the record shows the court applied this standard in evaluating the evidence.

In explaining its conclusion that the prosecution met its burden beyond a reasonable doubt, the court told Rachel that once she decided to rent the property and

8

host the party, "the law requires you . . . to take *all reasonable steps* to prevent the consumption of alcoholic beverages," and identified the four examples of "*reasonable steps*" listed in the ordinance. (Italics added.) The court then stated it found Rachel's actions "were *not reasonable* in light of the circumstances as presented to this court." (Italics added.) Discussing the facts surrounding the party, the court stated Rachel's "efforts to control the party" fell "short" of what was required by the law (what a reasonable person aware of the risk would have done in similar circumstances).

Based on the court's repeated references to the reasonableness of Rachel's actions and its observations regarding Rachel's specific actions (or nonactions), we reject Rachel's claims the court found she violated the statute merely because underage drinking occurred at the party.

In arguing that the court misunderstood the legal standard, Rachel focuses on the court's discussion of the bouncers. Rachel contends that by characterizing the bouncers as her "agents," the court held her strictly liable for their failure to control the party. The argument is unsupported when viewing the court's statements in context. The court discussed Rachel's retention of the bouncers in explaining its conclusion that Rachel was aware of the possibility there would be underage drinking at the party and that the party could get out of control. The court's remarks were directed to Rachel's knowledge of the likely consequences of hosting a party in a secluded area without parents present and her failure to take any reasonable steps once the party got out of control. Despite the court's

9

use of the word "agents," we are satisfied the court held Rachel liable for her own unreasonable actions, and not the bouncers' conduct.

Moreover, to the extent Rachel argues the court was required to find the presence of the bouncers established she acted reasonably to prevent or control the underage drinking, we reject this contention. Rachel told the police officers that the bouncers may have brought the kegs to the party and that she had no contact information for the two young men and did not know their last names. The evidence also showed there was alcohol *at the outset* of the party. These facts support a reasonable inference that Rachel did not ask the bouncers to prevent alcohol from being served at the party, and that instead she hired the two men to *facilitate* the underage drinking by preventing the party from getting out of control and/or to ensure that partygoers were paying their $20 admission fee. The fact that the bouncers made no efforts to preclude the availability of alcohol at the beginning of the party and may have contributed to the drinking is evidence that Rachel did not retain them to prevent underage alcohol consumption. Viewing the totality of the circumstances, the court had a reasonable basis to find Rachel's use of the bouncers was not a "reasonable step[ ]" under section 32.303, subdivision (a).

In arguing the court misapplied the correct legal standard, Rachel also relies on the court's remark that she "acted in good faith." Read in full, the court stated: "You probably acted in good faith *wanting a party*, you had two bouncers there just in case somebody got out of control; *it went certainly beyond that*." (Italics added.) The court's observation that Rachel may have had proper motives in "wanting a party" does not

negate the court's finding that she acted with criminal negligence when she implemented this plan by renting a house under false pretenses knowing that alcohol would be served to her underage friends, and then failing to take any reasonable actions (such as calling an adult or calling the police) when uninvited guests came to the party.

B. *Substantial Evidence Supports Court's Findings*

Although Rachel does not directly challenge the sufficiency of the evidence to support the court's conclusion that she violated section 32.303, we briefly discuss our conclusion that substantial evidence supported the court's finding.

First, it was undisputed that Rachel rented the house in a private location under the false pretense that she was an adult and would be using it for a small retreat. The evidence showed Rachel was aware minors would be in attendance because she admitted to law enforcement that she rented the house to host a 16th birthday party and invited 30 peers. The fact that Rachel asked Hauer about the privacy of the home supports an inference that Rachel wanted to avoid detection from law enforcement.

The evidence also shows Rachel knew alcohol would be available at the party. When minors entered the party soon after it started, alcohol was freely available. As reflected in the testimony of one of the young partygoers, there were no limits placed on the alcohol consumption. Further, the officers observed red plastic cups, beer bottles, beer cans, and two kegs scattered about the property, showing the alcohol consumption was open and obvious.

11

The only evidence indicating that Rachel tried to prevent minors from consuming alcohol is her friends' testimony that she attempted to take alcohol away from a few people. However, the court had a reasonable basis to find these witnesses not credible. Moreover, even if the testimony was believable, there was evidence supporting that this step was not reasonable. Once she realized the party had grown out of control, Rachel retreated to an upstairs balcony to be by herself. Nothing in the record indicates that Rachel took effective steps to stop the party, such as asking the bouncers for assistance in preventing the underage drinking, or calling the police or another adult to come and control the situation.

Rachel's failure to take reasonable steps in the light of her knowledge that she was hosting a party where alcohol would be freely available to her underage friends supports the conclusion that she violated section 32.303 and acted with criminal negligence.

DISPOSITION

Judgment is affirmed.

HALLER, Acting P.J.

WE CONCUR:

McDONALD, J.

AARON, J.

12